### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-421 |
| | ) | |
| MASSAQUOI | ) | |
| _____ | ) | |

### MOTION OF DEFENDANT SIAKA MASSAQUOI FOR A BILL OF PARTICULARS

Defendant Siaka Massaquoi, by and through counsel, hereby files this Motion to dismiss all charges in the indictment against him for failure to state an offense, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

### LEGAL STANDARD

"A criminal defendant may move to dismiss the indictment against him for "failure to state an offense" pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v)." *United States v. Sheppard*, Case No. 1:21-cr-203 (JDB), at *3 (D.D.C. Dec. 28, 2022). If the statutory provision at issue does not cover the charged conduct, the indictment fails to state an offense. *United States v. McHugh,* 583 F.Supp.3d at 10 (citing *United States v. Montgomery,* 578 F.Supp.3d 54, 59 (D.D.C. 2021)). In assessing whether to grant a motion to dismiss under Rule 12(b)(3)(B)(v), courts consider whether the allegations in the indictment, assumed to be true, "would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Bozell,* Case No. 21-cr-216 (JDB) (D.D.C. Feb. 16, 2022) (quoting *United States v. Bowdoin,* 770 F.Supp.2d 142, 146 (D.D.C. 2011)).

Charges must also be dismissed if the statute being applied is unconstitutional. *Sheppard,* Case No. 1:21-cr-203, at *3.

Courts dismiss indictments "only in unusual circumstances." *Id.*

## ARGUMENT

The case at bar presents "unusual circumstances." Defendant MASSAQUOI is charged with four misdemeanor charges which essentially can be boiled down to two allegations: He knowingly entered and remained in a restricted area (Count I), and he knowingly engaged in disruptive, disorderly, or "parading" conduct within the restricted area (Counts II, III, and IV). But the Government's Statement of Facts (ECF No. 1-1) concedes that MASSAQUOI did not know that he was in a restricted area, and that he exited within seconds of learning he was. This is confirmed by a video he posted immediately after the alleged incident where he stated that he believed that he was allowed in the restricted area until the police ask him to exit.

Regarding Counts II, III, and IV, the Statement of Facts does not allege any disruptive or disorderly conduct, or any parading, picketing, or demonstrating.

The statement of facts alleges:

CCTV footage obtained from U.S. Capitol Police shows a person that investigating agents have identified as MASSAQUOI entering the U.S. Capitol building through the Senate Wing door at approximately 3:38 p.m. EST on January 6, 2021. The same individual exited the U.S. Capitol building through the same doorway at approximately 3:40 p.m. EST. During his entry, MASSAQUOI can be seen holding up a cellular phone, which is consistent with the selfie-style video that was recovered from the device ending in 7632.

ECF No. 1-1, at 5. According to the Government's statement of facts which is confirmed by the CCTV footage, MASSAQUOI entered the building, encountered police, was asked to leave, and promptly left within seconds.

After exiting the building, he made a video that he posted on Twitter documenting his belief at the time that he was allowed to enter the Capitol. See ECF No. 1-1, at 7 n.1 (citing https://twitter.com/ParlerVideos/status/1375923036172521475?s=20).

American citizens, we have the right to walk into the Capitol because that is our Capitol that is not the politicians Capitol, that's ours. And you know what happened? The police, their gestapo, came and stopped people from going into the

building that is theirs. That's what happened. So as they twist what happened into this crazy extremist stuff, no. We have the right to go in there. We do. If you don't understand that the American citizens have a right to go in there and you think that it's ok for them to act like this, you need to go to another country, you need to go to a communist country, a socialist country, because that's how they do it there. That's not how they do it here.

MASSAQUOI's twitter post confirms what is already clear and obvious from the CCTV. MASSAQUOI entered the Capitol believing that he was allowed to do so, and when he was told by the police that he could not enter, he left the way he came in, within seconds. Even after he complied with what he sincerely believed to be an unlawful order to exit, he reiterated that his belief is that he is permitted on the grounds and in the building and that the police, who he complied with, were the ones who acted unlawfully. Nevertheless, *he complied with the police within seconds of being told that he was not permitted to be there.*

Assuming the facts stated by the Government are true – MASSAQUOI sincerely believed he was permitted to be on the Capitol grounds and to enter the building, but he turned around and left within seconds of learning that he wasn't permitted – a jury cannot find that he knowingly entered the restricted area, and certainly cannot find that he knowingly remained there.

Regarding Counts II, III, and IV, the Government does not allege any of the unlawful conduct prohibited by the statutes that MASSAQUOI was charged with. The Statement of Facts only makes two (2) allegations regarding Mr. Massaquoi's "conduct" on January 6.

- Page 5 contains an allegation that he entered the Capitol building through the Senate Wing door at 3:38 p.m. and within a matter of seconds he exited the way he entered at 3:40 p.m.

- Page 5 contains an allegation that he held up a cellular phone.

Counts 2 and 3 charge Mr. Massaquoi with "Disorderly and Disruptive Conduct in a Restricted Building or Grounds" in violation of 18 U.S.C. § 1752(a)(2) and "Disorderly Conduct in a Capitol Building" in violation of 40 U.S.C. § 5104(e)(2)(D). However, no such conduct is

alleged. Simply walking in the building and complying with police cannot be considered disruptive or disorderly without more, otherwise it would be indistinguishable from § 1752(a)(1).

To interpret § 1752(a)(2) to include "entering or remaining" within the unlawful "disorderly conduct" would render § 1752(a)(1) superfluous because a defendant who "enters or remains" will always engage in "disorderly conduct." That leaves § 1752(a)(1) with no work to do: removing it from the statute would make the exact same people guilty under § 1752(a)(2). That kind of superfluity, in and of itself, refutes the Government's interpretation. *Pulsifer v. United States*, No. 22-340, at *2 (U.S. Mar. 15, 2024). "When a statutory construction 'render[s] an entire subparagraph meaningless,' this Court has noted, the canon against surplusage applies with special force." *Id.* "That is particularly true when, as here, the subparagraph is so evidently designed to serve a concrete function." *Id.* Section 1752(a)(1) makes it unlawful to knowingly enter the restricted area, whereas § 1752(a)(2) makes it unlawful to engage in certain conduct within that area. These are two distinct concrete functions.

The Government does not allege anything that even resembles unlawful conduct in violation of § 1752(a)(2) or 40 U.S.C. § 5104(e)(2)(D). On the contrary, the Statement of Facts acknowledges, and the CCTV confirms, that MASSAQUOI left within seconds of realizing that the police did not allow him to be there. There is nothing in the Statement of Fact that could justify a jury convicting him of engaging in disorderly or disruptive conduct within the restricted area because he is not accused of doing so.

This applies even more so to Count 4 which charges MASSAQUOI with "Parading, Demonstrating, or Picketing in any of the Capitol Buildings" in violation of 40 U.S.C. § 5104(e)(2)(G). However broadly the Government hopes to define "parading, demonstrating, or picketing" there is no constitutionally acceptable interpretation that includes MASSAQUOI's

conduct as shown on the CCTV footage. If "parading, demonstrating, or picketing" can include merely entering an area with the subjective belief in his head that the election was stolen without any accompanying physical act that "demonstrates" that belief, then the statute is not viewpoint neutral because the statute can be violated for merely holding a particular viewpoint. To "demonstrate" must mean to make a physical demonstration at the time that expresses a particular viewpoint, and it cannot be retroactively rendered a "demonstration" based on a *post facto* tweet. *See Bryson v. United States*, 396 U.S. 64, 75 (1969) (Douglas, J. dissenting) ("if power to forbid acts includes power to forbid contemplating them, then the power of government over beliefs is as unlimited as its power over conduct and the way is open to force disclosure of attitudes on all manner of social, economic, moral and political issues."); *United States v. Crews*, 781 F.2d 826, 837 (10th Cir. 1986) ("some further evidence that the individual has done more than think evil thoughts ought to be shown."); *U.S. v. Curtin*, 489 F.3d 935, 966 (9th Cir. 2007) ("No one can be convicted for simply their proclivity or thoughts."); *U.S. v. Angel*, 355 F.3d 462, 474 (6th Cir. 2004) ("The criminal law, for example, has long recognized that "[t]he mere harboring of an evil thought, such as the intent to engage in criminal conduct, does not constitute a crime; a crime is committed only if the evil thinker becomes an evil doer."); *Jackson v. Thurmer*, 748 F. Supp. 2d 990, 995 (W.D. Wis. 2010) ("[T]hought crimes" are anathema to the First Amendment.").

In the 71 seconds that MASSAQUOI was inside the building, he did not have time to "parade, demonstrate, or picket," and there is no allegation or evidence that he did. The clear implication in the charge and accompanying statement of facts is that MASSAQUOI is guilty of "parading" inside the Capitol because he entered while believing that the 2020 election was stolen. That cannot be right. Accordingly, based on the facts set forth in the Statement of Facts, a jury cannot convict him of 40 U.S.C. § 5104(e)(2)(G).

## CONCLUSION

For the reasons stated above, all of the charges against Defendant MASSAQUOI should be dismissed with prejudice.

Dated: May 31, 2024

Respectfully submitted,

*/s/ Jonathan Gross*
Stephen L. Sulzer
D.C. Bar No. 340943
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
202-499-2301 (ofc main line)
Fax:  202-558-5101
Email:  ssulzer@sulzerpllc.com

JONATHAN GROSS
Bar ID: MD0162
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Tel.: (443) 813-0141
Email:  jonathansgross@gmail.com

*Attorneys for Defendant*
*Siaka Tonia Massaquoi*

CERTIFICATE OF SERVICE

I certify that on the 31st day of May, 2024, a true copy of the foregoing Motion of Defendant Siaka Massaquoi For a Bill of Particulars has been filed electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that Counsel for the United States in this case is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

/s/ *Jonathan Gross*
JONATHAN GROSS
Bar ID: MD0162
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Tel.: (443) 813-0141
Email: jonathansgross@gmail.com