UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 23-CR-421 (JMC) |
| v. : | |
| : | |
| SIAKA MASSAQUOI, : | |
| : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR BILL OF PARTICULARS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this response to Defendant Siaka Massaquoi's Motion for a Bill of Particulars, filed though counsel, *See* ECF No. 25. Massaquoi moves under Federal Rule of Criminal Procedure 7(f) for a bill of particulars and makes two requests, particularity as to "the disorderly or disruptive conduct" and the particularity of the "parading, demonstrating, and picketing" as referenced in Counts Two, Three and Four of the Information. *See* ECF No. 25 at 2-3.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). Exercising that discretion, this Court should deny the motion.

## PROCEDURAL HISTORY

On December 5, 2023, a four count Information was filed charging Massaquoi with the following offenses: 18 U.S.C. § 1752(a)(1) (entering and remaining in a restricted building or grounds); 18 U.S.C. § 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds); 40 U.S.C. § 5104(e)(2)(D) (disorderly conduct in a Capitol building); and 40 U.S.C. § 5104(e)(2)(G) (parading, demonstrating, or picketing in a Capitol building). *See* ECF No. 6.

On February 8, 2024, the government produced global and case specific discovery to Massaquoi which included Capitol Surveillance videos (CCTV), open-source media, videos and photos from Massaquoi's devices, and other reports and media regarding his individual conduct on January 6. The government previously described its continuous effort in producing discovery to Massaquoi in its joint status report. *See* ECF No. 20 at 1-2. Since that filing, the government sent an email to Massaquoi, via his counsel, offering assistance in accessing the discovery. As of the date of the instant filing, the government has not received any emails requesting assistance or indicating issues with reviewing discovery previously produced. On May 31, 2024, the government provided Massaquoi a plea offer with a statement of offense further detailing his unlawful conduct on January 6. The information the defendant seeks in its motion has been provided by the government in case specific discovery. The government need not show Massaquoi how it intends to prove his guilt of all counts of the Information prior to trial. Therefore, the defendant's motion should be denied as moot.

## **FACTUAL BACKGROUND**

The government relies on the statement of facts to set out the factual background relating to the Massaquoi's actions on January 6, 2021. *See* ECF No. 1-1. In summary, on January 6, Massaquoi attended the "Stop the Steal" rally, went back to his hotel, watched the news about the riot at the Capitol and decided to join rioters on the west side of the U.S. Capitol grounds. While Massaquoi was on restricted grounds, he climbed a metal bike rack to access the West Lawn. While on the West Lawn, he filmed himself speaking to other rioters, including about Congressional members hiding inside the Capitol building. As he approached the building, he filmed the shattered windows near the Senate Wing Door. At approximately 3:38 p.m., Massaquoi entered the U.S. Capitol building. At the time of his entry, multiple police officers were near the Senate Wing Door in an attempt to secure the building and move rioters from the area. At approximately 3:40 p.m.,

Massaquoi exited the building, but continued to film the damage to the building, remain on the restricted grounds, and take pictures in front of a line of police officers. After he left the Capitol, he filmed himself walking around Washington, D.C. saying, "we have the right to walk into the Capitol."

## ARGUMENT

The defendant argues that Counts Two, Three, and Four are not pled with sufficient particularity, warranting a bill of particulars. (ECF No. 25 at 2-3). Massaquoi is wrong.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Here, Counts Two through Four allege as follows:

3

>**Count Two:** On or about January 6, 2021, in the District of Columbia, **SIAKA TONIA MASAQUOI**, did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.
>
>**Count Three:** On or about January 6, 2021, in the District of Columbia, **SIAKA TONIA MASSAQUOI**, willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress.
>
>**Count Four**: On or about January 6, 2021, in the District of Columbia, **SIAKA TONIA MASSAQUOI**, willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building.

(ECF No. 6 at 2). Counts Two, Three and Four provide the date and location of the acts alleged, the defendant who is accused of the acts alleged, and provides how the defendant committed the alleged acts.[1] (ECF No. 6 at 2). These counts need not be more specific, for either Rule 12 or Rule 7 purposes. "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation omitted). That is what the Information does here.

The defendants argue that the Complaint and the Statement of Facts "fail to provide any explanation as to what actions constituted each of the charged offenses." ECF No. 25 at 2-3.

---

[1] Federal Rule of Criminal Procedure 7(c)(1) specifically provides that a count may allege that a defendant committed an offense "by one or more specified means." Where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive (using the word "and"). *Turner v. United States*, 396 U.S. 398, 420 (1970). "[T]he government is entitled to prove criminal acts in the disjunctive, notwithstanding that the indictment charges them in the conjunctive." *United States v. Coughlin*, 610 F.3d 89, 106 (D.C. Cir. 2010).

Massaquoi conflates two different charging instruments and the relevant rules that apply. The Statement of Facts is the basis from which a Complaint is filed. An Information is a separate and different charging instrument. Even if the Court was to consider it, the particularity of the Statement of Facts alone negates Massaquoi's argument regarding proper notice of the charges as it further details the time, place, and manner of Massaquoi's conduct. It also provides photographs of Massaquoi's conduct which was provided in case specific discovery.

Moreover, the government is not required to proffer each fact that it would admit to support the charges at trial. Indeed, courts in this District have held that a bill of particulars is not a "discovery tool" or a way to "preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29; *United States v. Brodie*, 326 F. Supp. 2d 83, 91. The proper inquiry is whether the charging instrument is "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and provides a statutory citation. Fed. R. Crim. P. 7(c)(1).

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. For example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other

5

evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d 309, 315. The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18.

The Information in this case provides the necessary information to inform the defendant of the charges, and to prepare a trial defense. *See* ECF No. 6; *see Butler*, 822 F.2d at 1193. Each count in the Information lays out the date and location of the alleged conduct, provides a plain statement about how Massaquoi violated the specific statute, and is accompanied by a citation to the specific statute violated. *See* ECF No. 16. Moreover, Massaquoi has been provided a fulsome statement of facts, ECF No. 1-1, case-specific discovery, and plea offer (with an accompanying, detailed statement of offense), which goes far beyond what is required under Rule 7. Since Massaquoi has been on fair notice of this all charges and the government provided multiple disclosures, the Court should therefore deny the Massaquoi's motion for a bill of particulars.

**CONCLUSION**

For all these reasons, Massaquoi's motion for a bill of particulars should be denied.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:                    /s/ Nialah S. Ferrer
                                        NIALAH S. FERRER
                                        Assistant United States Attorney
                                        New York Bar No. 5748462
                                        United States Attorney's Office
                                        District of Columbia
                                        (202) 557-1490
                                        nialah.ferrer@usdoj.gov