UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)    Case No. 1:23-cr-00421-JMC<br>SIAKA TONIA MASSAQUOI,          )<br>)<br>           Defendant.                     )  | |

**DEFENDANT SIAKA MASSAQUOI'S MOTION TO STRIKE AND
TO DISMISS ALL CHARGES PURSUANT TO RULE 47(b)**

INTRODUCTION

Defendant Siaka Massaquoi ("MASSAQUOI") moves, pursuant to Rule 47(b) of this Court's Local Criminal Rules, for entry of an Order (i) striking the government's opposition to Defendant's motion to dismiss the charges against him on grounds of selective prosecution and (ii) dismissing all charges against Defendant MASSAQUOI with prejudice. The grounds for this motion, as set forth more fully *infra,* are as follows:

(i) On May 31, 2024, Defendant MASSAQUOI filed a motion to dismiss with prejudice all charges against him on the ground that the government's prosecution of him and other non-violent January 6 protestors constitutes viewpoint-based selective prosecution in violation of the First Amendment and equal protection under the Fifth Amendment.[1]  Pursuant to Local Criminal

---

[1] Defendant Siaka Massaquoi's Motion to Dismiss All Charges, or in the Alternative, to Compel Production of Information Relating to Selective Prosecution (Docket No. 27) (hereinafter "MASSAQUOI's Selective Prosecution Motion").

1

Rule 47(b), the deadline for the government's response to MASSAQUOI's Selective Prosecution Motion was Friday, June 14, 2024.

(ii) On June 1, 2024, Defendant MASSAQUOI filed a corrected version of his Selective Prosecution Motion.[2]  Pursuant to Local Criminal Rule 47(b), the deadline for the government's response to the corrected version of MASSAQUOI's Selective Prosecution Motion was Monday, June 17, 2024;

(iii) The government did not submit within the 14-day period prescribed by Local Criminal Rule 47(b) any request for an extension of time or any other response to MASSAQUOI's Selective Prosecution Motion; and

(iv) On June 21, 2024, days after the deadline prescribed by Rule 47(b) had expired, and without seeking leave of Court or giving any explanation for its blithe disregard of the Court's rules, the government filed a memorandum in opposition to MASSAQUOI's Selective Prosecution Motion.[3]

Because the government has brazenly and without excuse or explanation violated Local Criminal Rule 47(b) and has not sought leave of Court for the out-of-time filing of its opposition memorandum, the Court should take the following actions:  (i) the Government's Opposition Memorandum should be stricken from the record; (ii) the government should be deemed to still be in default for violating Rule 47(b) and failing to properly file an opposition to MASSAQUOI's Selective Prosecution Motion; and (iii) the Court should grant as conceded Defendant MASSAQUOI's underlying motion to dismiss all charges with prejudice.

---

[2]  Defendant Siaka Massaquoi's Motion to Dismiss All Charges, or in the Alternative, to Compel Production of Information Relating to Selective Prosecution.  (Docket No. 28.)

[3]  Government's Opposition to Defendant's Motion to Dismiss for Selective Prosecution (Docket No. 31) (hereinafter "Government's Opposition Memorandum").

PROCEDURAL BACKGROUND

On May 31, 2024, Defendant MASSAQUOI filed his Selective Prosecution Motion (Docket No. 27) (copy appended as Exhibit "A") seeking dismissal with prejudice of all charges against him on the ground that the government's prosecution of him and other non-violent January 6 protestors constitutes viewpoint-based selective prosecution in violation of the First Amendment and equal protection under the Fifth Amendment.

A copy of Defendant's Selective Prosecution Motion was duly served on the government by the Court's ECF system, which emailed it to AUSA Nialah Ferrer, Esq. (*See* Exhibit "B".) A courtesy copy was also emailed to Ms. Ferrer by Defendant MASSAQUOI's counsel and Ms. Ferrer acknowledged receiving the motion. (*See* Exhibit "C.")

On June 1, 2024, Defendant MASSAQUOI filed a revised version of his Selective Prosecution Motion correcting the description of his maximum exposure to prison time and fines under the four statutes asserted against him and correcting some typographical errors. (*See* Docket No. 28) (copy appended as Exhibit "D").

On June 1, 2024, a copy of the corrected Selective Prosecution Motion (Docket No. 28) was duly served on the government by the Court's ECF system, which emailed it to AUSA Nialah Ferrer, Esq. (*See* Exhibit "E.")

On June 3, 2024, Defendant MASSAQUOI sent an email to this Honorable Court's chambers identifying where in Docket No. 28 corrections were made to the Selective Prosecution Motion. (*See* Exhibit "F.") A copy of Defendant MASSAQUOI's email to the Court was served on the government on June 3, 2024 by emailing a copy of it to AUSA Ferrer. (*See id.*)

The government's deadline to respond to MASSAQUOI's Selective Prosecution Motion (Docket No. 27) was Friday, June 14, 2024. In the alternative, if the government were to seek to

respond instead to the corrected version of the Selective Prosecution Motion (Docket No. 28), the government's deadline to respond was June 17, 2024. *See* F.R.Crim.P. 45(a)(1)(C) (when the last day of the prescribed period is a Saturday, Sunday, or legal holiday, the deadline is extended to the end the next day that is not a Saturday, Sunday, or legal holiday).

On June 21, 2024, after the deadline for response prescribed by Local Criminal Rule 47(b) had expired, and without seeking leave of Court or giving any explanation for its disregard of the Court's rules, the government blithely filed its Opposition Memorandum. (*See* Notice of Electronic Filing appended as Exhibit "G".)

## ARGUMENT

Local Criminal Rule 47(b) provides that a party seeking to oppose a motion has 14 days from its date of service to file and serve a memorandum in response: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party ***shall*** serve and file a memorandum of points and authorities in opposition to the motion." L.Cr.R. 47(b) (emphasis added).[4] The Rule further provides that the Court is free to treat a motion as conceded if an opposition memorandum is not filed within the prescribed time: "If such memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *Id.* Rule 47(b) thus expressly provides the Court with discretion to grant the relief sought here.

The Court should strike the government's response to MASSAQUOI's Selective Prosecution Motion for the following reasons:

---

[4] When the last day of the response period falls on a Saturday (as is true with respect to the revised version of MASSAQUOI's Selective Prosecution Motion, which was filed on June 1, 2024), Rule 45(a)(1)(C) extended the deadline for a response to the end of the next day that is not a Saturday, Sunday, or holiday, in this case, to June 17, 2024.

First, it is beyond genuine dispute that the government received MASSAQUOI's Selective Prosecution Motion. (*See, e.g.,* Exhibit C (Email from Nialah S. Ferrer to Stephen Sulzer acknowledging receipt: "Received, thank you."); discussion in Procedural Background *supra;* and Exhibits E and F hereto.)

Second, the government unquestionably had sufficient opportunity to respond to MASSAQUOI's Selective Prosecution Motion by the prescribed 14-day deadline or, if it needed more time, to seek an extension. The government inexplicably did neither. Instead, in complete disregard of Local Criminal Rule 47(b), the government blithely filed an opposition memorandum out-of-time. Adding to its brazen disregard for the Court's Rules and basic good order, the government made its out-of-time filing without seeking leave of Court or giving any explanation for its failure to comply with the mandatory requirement set forth in Rule 47(b).

Third, the government has pushed hard for a hurried resolution of this case, but unilaterally granted itself a free extension of time to file an opposition to MASSAQUOI's Selective Prosecution Motion. In view of the substantial issues raised by Defendant MASSAQUOI's Selective Prosecution Motion, the government's steadfast refusal to provide Defendant's requested discovery and the government's unilateral delay in submitting its opposition brief substantially prejudice MASSAQUOI's trial preparation. Instead of being able to focus on the numerous other issues raised by the government's charges, Defendant MASSAQUOI remains enmeshed in the instant battle to obtain dismissal or at least force the White House and the DOJ to produce the selective prosecution discovery that would corroborate the substantial showing made in MASSAQUOI's Selective Prosecution Motion.

Every day lost to Defendant MASSAQUOI by the government's delaying tactics is highly prejudicial to his trial preparation and due process rights. That is particularly so here, in

the wake of the Court's concurrence with the DOJ that this case should be brought to trial as quickly as possible.  If the Court concludes that Defendant MASSAQUOI has met the standard for obtaining the requested selective prosecution discovery, it would be naïve to think that the government will promptly produce the requested White House and DOJ papers without further resistance, for example, by asserting Executive Privilege.

The DOJ knows that it can easily drag this discovery battle out indefinitely and thereby consume a substantial amount of Defendant's trial preparation time, all to the prosecution's benefit and Defendant's significant detriment.  The government's attempt to have it both ways – urging and convincing the Court to set an October 2024 trial date, but unilaterally giving itself an extension of time in brazen violation of the Local Rules – should be anathema to the Court.

The government has made its bed by blithely and prejudicially filing an out-of-time brief without even deigning to seek leave of Court to do so.  Because the government has brazenly and without excuse or explanation violated Local Criminal Rule 47(b) and has not sought leave of Court for the out-of-time filing of its opposition memorandum, the Court should:  (i) strike the Government's Opposition Memorandum from the record; (ii) deem that the government is still in default by its violation of Rule 47(b) and failure to seek leave of Court to file an out-of-time opposition to MASSAQUOI's Selective Prosecution Motion; and (iii) grant as conceded Defendant MASSAQUOI's underlying motion to dismiss all charges with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should enter an order that (i) strikes from the record the government's opposition to Defendant MASSAQUOI's Selective Prosecution Motion; (ii) deems the government to still be in default by its violation of Rule 47(b) and its failure to seek leave of Court to file an out-of-time opposition to MASSAQUOI's Selective Prosecution

Motion; (iii) treats MASSAQUOI's Selective Prosecution Motion as conceded by the government; and (iv) dismisses all charges against Defendant MASSAQUOI with prejudice.

A proposed Order has been submitted herewith as Exhibit "H."

Dated:  June 28, 2024　　　　　　　　　　　　Respectfully submitted,

*/s/ Stephen L. Sulzer*
Stephen L. Sulzer
D.C. Bar No. 340943
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
　　　202-499-2301 (ofc main line)
Fax:  202-558-5101
Email:  ssulzer@sulzerpllc.com

JONATHAN GROSS
Bar ID:  MD0162
2833 Smith Ave., Suite 331
Baltimore, MD  21209
Tel.:  (443) 813-0141
Email:  jonathansgross@gmail.com

*Attorneys for Defendant*
*Siaka Tonia Massaquoi*

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of June 2024, a true copy of the foregoing Defendant Siaka Massaquoi's Motion to Strike and to Dismiss All Charges Pursuant to Rule 47(b) has been filed electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.  I certify that Counsel for the United States in this case is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.  I further certify that the foregoing Defendant Siaka Massaquoi's Motion to Strike and to Dismiss All Charges Pursuant to Rule 47(b) was served via email on the United States through Assistant United States Attorney Nialah S. Ferrer at nialah.ferrer@usdoj.gov.

/s/ *Stephen L. Sulzer*
Stephen L. Sulzer (DC Bar No. 340943)
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C.  20005
Tel.:  703-899-2903 (direct)
        202-499-2301 (ofc main line)
Fax:   202-558-5101
Email:  ssulzer@sulzerpllc.com

*Attorney for Defendant Siaka Tonia Massaquoi*