**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　)<br>　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)　Case No. 1:23-cr-00421-JMC<br>SIAKA TONIA MASSAQUOI,　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　)  |   |

## DEFENDANT SIAKA MASSAQUOI'S MOTION TO POSTPONE TRIAL

### INTRODUCTION

Defendant Siaka Massaquoi ("MASSAQUOI") moves, pursuant to Federal Rule of Criminal Procedure 12(b)(1) and Rule 47 of the Court's Local Criminal Rules, for entry of an Order postponing the October 15, 2024 date currently scheduled for commencement of trial. The postponement is requested because (i) Defendant MASSAQUOI has added another attorney (Jonathan Gross) to assist in reviewing the government-produced discovery and presenting his defense at trial, but even just the Massaquoi-specific discovery is too voluminous for the defense to meet the deadlines currently set in the Pretrial Order (Docket No. 22) and for Defendant MASSAQUOI to be ready for trial on October 15, 2024; and (ii) Defendant MASSAQUOI's co-counsel (Mr. Gross) will not be available beginning on the second day of trial because of a conflict with the Jewish holiday of Sukkoth, which commences on October 16, 2024.

Inasmuch as Mr. Gross already has two other January 6 trials scheduled in November 2024, Defendant MASSAQUOI respectfully requests a postponement to a date during the weeks of December 2 or December 9, 2024, which are the earliest open dates for both defense counsel.

In the event that the Court does not have an alternate trial date available in December 2024, defense counsel is generally available in early 2025.

Defense counsel has conferred with the Assistant U.S. Attorney on this this case, Ms. Ferrer, and understands that the government does not object to the requested postponement in view of Mr. Gross's unavailability for the Jewish holiday, as long as the Court is able to re-schedule trial for dates falling during the weeks of December 2 or 9, 2024. The defense defers to Ms. Ferrer to articulate the government's position in the event that a new trial date will not be available until early 2025.

## ARGUMENT

I. There Is Insufficient Time in the Case Schedule to Review the Unusually Large Volume of MASSAQUOI-Specific Discovery Produced by the Government

Defendant MASSAQUOI was arrested on November 30, 2023 and trial is now scheduled to commence on October 15, 2024, less than a year after his arrest. It is unusual for a January 6 case to go to trial in less than a year.[1] While Defendant MASSAQUOI is charged with four

---

[1] This can be confirmed just by looking at this Court's prior January 6 cases. *See United States v. Blythe,* 21-cr-537 (Defendant was arrested on January 24, 2022, pretrial motions were due September 18, 2023, and trial was scheduled for October 23, 2023); *United States v. Gianos,* 22-cr-74 (Defendant was arrested on December 1, 2021, pretrial motions were due more than two years later on February 8, 2023, and trial was scheduled for April 10, 2023); *United States v. Myers,* 22-cr-74 (Defendant was arrested on December 9, 2021, and continuances were granted for 11 months for the initial status conference); *United States v. Ortiz,* 22-cr-82 (Defendant was arrested on January 27, 2021, but did not have his first preliminary hearing until March 22, 2022); *United States v. Wever,* 22-cr-169 (Defendant was arrested on May 13, 2022 and did not have his first status conference until April 13, 2023); *United States v. Lamotta,* 22-cr-320 (Defendant was arrested on August 8, 2022, but according to the scheduling order, Defendant had until June 30, 2023 to file pretrial motions and trial was not until August 14, 2023); *United States v. Dillard,* 23-cr-49 (Defendant was arrested on August 23, 2022 and was granted continuances for his first status conference until July 18, 2023); *United States v. Homol,* 23-cr-50 (Defendant was arrested on March 16, 2021, scheduling order was issued two years later on March 6, 2023, pretrial motions were due on June 2, 2023, and trial was scheduled for September 18, 2023).

misdemeanors, the volume of MASSAQUOI-specific material produced by the government is quite voluminous, because the government began investigating him at least as early as March 3, 2021, nearly *three years* prior to his arrest.  As a result of its nearly three-year investigation, the government produced 1,500 files of MASSAQUOI-specific information in February 2024.  Many of those files contain a huge amount of information.  Just one of them, a Cellebrite collection of information from Defendant MASSAQUOI's mobile phone, contains 2,400 pages all by itself.

In an effort to complete review of the voluminous MASSAQUOI-specific materials, Defendant MASSAQUOI added a second attorney, Jonathan Gross, as co-counsel in late May 2024.  Defense counsel are reviewing the MASSAQUOI-specific production as quickly as they can, but the volume of material is remarkably large, even for a January 6 case.  To date, defense counsel have been able to review 10 percent of the MASSAQUOI-specific discovery materials, and even with two attorneys working on the case, they will not be able to complete their review in time to meet the Court's existing deadlines.[2]  Under the current Pretrial Order, exhibit lists are to be exchanged in less than a month (on August 12), motions in limine are due on August 19, and oppositions and a joint pretrial statement are due on August 26, 2024.  (Pretrial Order dated April 11, 2024, Docket No. 22.)

---

[2]  Defense counsel have not been able to focus exclusively on reviewing the government's MASSAQUOI-specific discovery since its production in February.  They have had to devote a considerable amount of time preparing and submitting pretrial motions.  From April 11 through May 31, 2024, and from June 22 through June 28, 2024, defense counsels' attention was focused on preparing briefs in support of the still-pending motion to dismiss or produce discovery on grounds of selective prosecution and motions for dismissal pursuant for failure to state an offense and for a bill of particulars.  Not enough could be done during that nearly two-month period of motion preparation to make adequate progress on reviewing the government's MASSAQUOI-specific discovery.

Moreover, January 6 is now its own area of law and decisions in this District have not been uniform. Lead defense counsel is disadvantaged by having to play catch-up ball. The discrepancy in resources between the government and the defense is stark, as this is lead counsel's first January 6 case, apart from representing a witness in *United States v. Dillon Homol,* Case No. 1:23-cr-00050-JMC. The government has institutional knowledge assembled over the course of three years in more than 1,500 January 6 cases. For the government, virtually everything in a January 6 case is cut and paste. Even with the able assistance of Mr. Gross, who has experience with several January 6 cases, it is not practicable for Defendant MASSAQUOI's small team to research all of the legal issues involved in preparing his defense and complete its review of the facts so as to be able to exchange exhibits on August 12, file motions in limine on August 19, and submit a joint pretrial statement by August 26.

II. One of the Attorneys on Defendant MASSAQUOI's Two-Man Defense Team Has a Religious Conflict That Will Make Him Unavailable During Trial

Defendant MASSAQUOI added Mr. Gross to his defense team in May to increase its ability to review the government's MASSAQUOI-specific discovery and to assist in trying the case. However, in reviewing the Pretrial Order and his schedule for October, Mr. Gross recently realized that a religious conflict will render him unavailable beginning in the afternoon on the second day of trial. (Affidavit of Jonathan Gross, appended hereto as Exhibit A.)

The week-long Jewish holiday of Sukkot commences late in the day on October 16, 2024. Mr. Gross is a religiously observant Orthodox Jew and is not permitted to work, use machines such as computers, or ride in an automobile on the first two days of the holiday. He will need to cease work and leave the courtroom no later than approximately 4:00 PM on the second day of trial if he is to reach his home in Baltimore in compliance with his sincerely held religious convictions. (*Id.*)

Even if Defendant MASSAQUOI were to waive his right to a jury trial, defense counsel does not believe it will be possible to complete trial in two days. Without the requested postponement, there is a substantial likelihood that Defendant MASSAQUOI will be deprived of half of his defense team before trial can be completed. Moreover, while Defendant MASSAQUOI has been contemplating the possibility of a bench trial, there is still a substantial possibility that he will elect to exercise his right to a jury trial. In that case, without the requested postponement, he would undoubtedly be deprived of half of his defense team in the midst of trial. He should not have to decide whether it will be feasible to try the case to a jury with that factor weighing in the balance. The Court can and should eliminate that problem by granting the requested postponement and Defendant MASSAQUOI respectfully urges the Court to do so.

III. <u>Defendant MASSAQUOI's Proposed Alternative Dates</u>

Mr. Gross already has two other trials scheduled in November 2024, which are set for November 14, 2024 and November 25, 2024, and another trial which is set to commence on December 16, 2024. (Gross Affidavit at ¶¶ 9-12.) When Mr. Gross's schedule is combined with the Thanksgiving holiday, it appears that it will not be feasible to commence trial in Defendant MASSAQUOI's case in November. Defendant MASSAQUOI therefore requests postponement to dates falling during the weeks of December 2 or December 9, 2024, which are the earliest open dates for both defense counsel.

In the event that the Court does not have an alternate trial date available in December 2024, both defense counsel are generally available in early 2025.

## CONCLUSION

For the foregoing reasons, Defendant MASSAQUOI requests that the Court enter an order postponing trial of this matter until the week(s) of December 2 or 9, 2024. If the Court's trial calendar is filled on those dates, Defendant MASSAQUOI requests that the Court postpone trial until the Court's earliest available dates thereafter.

A proposed Order has been submitted herewith as Exhibit "B."

Dated:  July 19, 2024                  Respectfully submitted,

*/s/ Stephen L. Sulzer*
Stephen L. Sulzer
D.C. Bar No. 340943
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
      202-499-2301 (ofc main line)
Fax:  202-558-5101
Email:  ssulzer@sulzerpllc.com

JONATHAN GROSS
Bar ID:  MD0162
2833 Smith Ave., Suite 331
Baltimore, MD  21209
Tel.:  (443) 813-0141
Email:  jonathansgross@gmail.com

*Attorneys for Defendant*
*Siaka Tonia Massaquoi*

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of July 2024, a true copy of the foregoing Defendant Siaka Massaquoi's Motion to Postpone Trial has been filed electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that Counsel for the United States in this case is a registered CM/ECF user and that service will be accomplished by the CM/ECF system. I further certify that the foregoing Defendant Siaka Massaquoi's Motion to Postpone Trial was served via email on the United States through Assistant United States Attorney Nialah S. Ferrer at nialah.ferrer@usdoj.gov.

/s/ *Stephen L. Sulzer*
Stephen L. Sulzer (DC Bar No. 340943)
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
          202-499-2301 (ofc main line)
Fax: 202-558-5101
Email: ssulzer@sulzerpllc.com

*Attorney for Defendant Siaka Tonia Massaquoi*