UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 1:23-cr-00421-JMC |
| SIAKA TONIA MASSAQUOI, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT SIAKA MASSAQUOI'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE THE JANUARY 21, 2025 TRIAL DATE

Defendant Siaka Massaquoi ("MASSAQUOI") submits this reply memorandum in support of his November 12, 2024 motion for entry of an Order continuing the date currently scheduled for commencement of trial (*i.e.,* January 21, 2025) and suspending the deadlines for pretrial submissions set by the Court's July 29, 2024 Pretrial Order (ECF No. 42). (*See* ECF No. 44.) On November 19, 2024, right on the heels of Defendant MASSAQUOI submitting a supplement to his motion,[1] the government filed its opposition to MASSAQUOI's request for a continuance. *See* Government's Opposition to Defendant's Motion to Continue the January 21, 2025 Trial Date, filed November 19, 2024 (ECF No. 47).

The government opposes Defendant MASSAQUOI's requested continuance with the observation that there is a public interest in the prompt and efficient administration of justice.

---

[1] Defendant Siaka Massaquoi's Supplemental Memorandum in Support of Motion to Continue the January 21, 2025 Trial Date and Request for Expedited Briefing and Consideration, ECF No. 46, filed November 18, 2024

1

(ECF No. 47 at 1.)  Defendant MASSAQUOI agrees with that observation but hastens to add two obvious points which are blithely ignored by the government:  First, the continuance sought by the defense would not delay trial in this case for very long and therefore would not interfere in any significant way with the prompt administration of justice.  Second, denial of the requested continuance is likely to be the least efficient way to administer this case that anyone could possibly imagine, as shown in Defendant MASSAQUOI's motion and supplemental memorandum, ECF Nos. 44 and 46.

Next, the government urges the Court to proceed as it would in any other prosecution (ECF No. 47 at 1), implicitly suggesting that the Court should ignore the peculiar circumstances faced by the United States Department of Justice, the Court, and Defendant MASSAQUOI.  The government takes no account of the incontrovertible fact that the U.S. Attorney General and the U.S. Attorney for the District of Columbia are on the brink of being replaced by appointees who more than likely will dismiss this case before trial can be completed, if President-Elect Trump does not first pardon Defendant MASSAQUOI on January 21 or 22, 2025.  For those reasons, Defendant MASSAQUOI would wager that this case is unlike anything this Court has seen before, and that urging the Court to proceed as it would "in any other prosecution" provides the Court with no useful guidance at all.

Finally, the government asserts that Defendant MASSAQUOI "has pointed to no authority supporting his request to delay trial on the grounds that he may receive some form of clemency in the future."  (ECF No. 47 at 1.)  Contrary to that assertion (perhaps made with undue haste by the government), Defendant MASSAQUOI has submitted the recent decision in *United States v. William Pope,* Case No. 1:212-cr-00128-RC, in which Judge Contreras granted a motion for continuance along the very same lines as Defendant MASSAQUOI's motion in the

instant case.  (*See* discussion in Defendant's Supplemental Memorandum, ECF no.46, at 1-3 & Exhs. A & B thereto.)  Defendant MASSAQUOI has also submitted the decision in *United States v. Hunt, et al.,* Case No. 1:24-cr-00154-CJN, in which Judge Nichols delayed the commencement of trial until April 15, 2025, in apparent anticipation of dismissal of the charges or a pardon in that case.  (*See* discussion in Defendant's Supplemental Memorandum, ECF No. 46, at 1-3 & Exh. C thereto.)  Both *Pope* and *Hunt* are squarely on point with this case in every material respect and are highly persuasive authority supporting the relief sought by Defendant MASSAQUOI.

It bears note that Defendant MASSAQUOI's motion is not based solely on what the government mischaracterizes as the possible issuance of clemency, but also on the high likelihood that this case, if it continues to be relentlessly pursued by the Department of Justice, will be dismissed outright at the instruction of President Trump immediately after his January 20, 2025 inauguration.  One way or another, the Biden administration's relentless and vindictive prosecution of non-violent MAGA protestors will be terminated before trial can be completed in this case.  Defendant MASSAQUOI urges the Court to act now on that incontrovertible reality – recently recognized and acted upon by Judges Contreras and Nichols – and save itself, the government, and Defendant MASSAQUOI from the wasteful and unnecessary burden of proceeding to trial on January 21, 2025.

## **CONCLUSION**

For the foregoing reasons, Defendant MASSAQUOI requests that the Court expeditiously grant his motion for continuance.

Dated:  November 20, 2024                                    Respectfully submitted,

                                              */s/ Stephen L. Sulzer*
                                              Stephen L. Sulzer

D.C. Bar No. 340943
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
      202-499-2301 (ofc main line)
Fax:  202-558-5101
Email:  ssulzer@sulzerpllc.com

JONATHAN GROSS
Bar ID:  MD0162
2833 Smith Ave., Suite 331
Baltimore, MD  21209
Tel.:  (443) 813-0141
Email:  jonathansgross@gmail.com

*Attorneys for Defendant*
*Siaka Tonia Massaquoi*

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of November 2024, a true copy of the foregoing Defendant Siaka Massaquoi's Reply Memorandum in Support of Motion to Continue the January 21, 2025 Trial Date has been filed electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that Counsel for the United States in this case is a registered CM/ECF user and that service will be accomplished by the CM/ECF system. I further certify that the foregoing Defendant Siaka Massaquoi's Reply Memorandum in Support of Motion to Continue the January 21, 2025 Trial Date was served via email on the United States through Assistant United States Attorneys Jake Elijah Struebing at Jake.Struebing@usdoj.gov and Nialah S. Ferrer at nialah.ferrer@usdoj.gov.

/s/ *Stephen L. Sulzer*
Stephen L. Sulzer (DC Bar No. 340943)
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
        202-499-2301 (ofc main line)
Fax: 202-558-5101
Email: ssulzer@sulzerpllc.com

*Attorney for Defendant Siaka Tonia Massaquoi*