UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-cr-00421-JMC |
| ) | |
| SIAKA TONIA MASSAQUOI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SIAKA MASSAQUOI'S REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR ACCELERATED CONSIDERATION AND GRANT OF HIS MOTION TO DISMISS ON GROUNDS OF SELECTIVE PROSECUTION OR TO COMPEL IMMEDIATE PRODUCTION OF DISCOVERY RELATING TO SELECTIVE PROSECUTION**

Defendant Siaka Massaquoi ("MASSAQUOI") submits this reply memorandum in support of his emergency motion for accelerated consideration and grant of his motion to dismiss or compel discovery on grounds of selective prosecution (ECF No. 49). The government appears to have filed its response to that motion on December 17, 2024 (ECF No. 55) and, as shown below, has not given the Court any sound reason why ECF No. 49 should not be granted.

The government argues first that President's Biden's pardon of his son does not change the factual landscape of this case and is irrelevant. (ECF No. 55 at 1-2.) In Defendant MASSAQUOI's June 1, 2024 motion (ECF No. 28), he made an evidence-based prima facie showing that President Biden and Attorney General Garland have selectively prosecuted Defendant MASSAQUOI and other MAGA Republicans because of their political views. (*See* ECF No. 28 at 3-4, 10-15, & Exhibits P-R thereto.) Defendant MASSAQUOI also showed that the government, fearful of what discovery will show about the DOJ's avowed plan to prosecute

1

as many "January 6 perpetrators" as possible, wrongly refused to produce the information requested by Defendant MASSAQUOI. (*See* ECF No. 28 at 3-6 & Exhibit E thereto.)

Contrary to the government's assertion that President Biden's pardon of his son has no effect on this case, at the very least, President Biden's remarks in pardoning his son show that he fully comprehends the use of selective prosecution to disadvantage a political opponent. President Biden's remarks (ECF No. 49 at Exhibit A) support the inference that he has been doing exactly the same thing in relentlessly pursuing President Trump's supporters leading up to and in preparation for the 2024 election. President Biden's remarks acknowledging the wrongfulness of selectively prosecuting one's political opponents also highlight the need for the judiciary to step in and put a quick stop to the executive's abuse of its prosecutorial powers with respect to January 6 defendants.

Vainly grasping for a reason to deny the instant motion, the government next argues that Defendant MASSAQUOI is not similarly situated to Hunter Biden. (ECF No. 55 at 2.)[1] Based on that irrelevant observation, the government leaps to the unsustainable conclusion that Defendant MASSAQUOI has not produced any credible evidence that the government has treated him differently than other similarly situated defendants or that any such disparity implicates his political association. (*Id.*)

Review of Defendant MASSAQUOI's June 1, 2024 motion makes perfectly clear that contrary to the government's contention, Defendant MASSAQUOI has made a convincing, evidence-based showing that the government has treated Defendant MASSAQUOI and other MAGA Republican January 6 defendants starkly differently from two other similarly situated

---

[1] Defendant MASSAQUOI does not claim in the instant motion that he is similarly situated to Hunter Biden.

groups: (i) pro-Hamas protestors who invaded Capitol office buildings on October 18 and December 11, 2023, and April 9, 2024, and the Capitol Building itself on December 19, 2023, to protest against the United States' support for Israel; and (ii) anti-Kavanaugh protestors who interrupted the confirmation hearing of Supreme Court Justice Brett Kavanaugh to voice their opposition before the Senate Judiciary Committee in September 2018. (*See* ECF No. 28 at 3, 6-10, 20-24 & Exhibits G-O thereto.)[2]

Also contrary to the government's contention, the viewpoint-based and politically motivated intent behind the Biden administration's harsher treatment of January 6 defendants is convincingly shown by the substantial evidence presented in Defendant MASSAQUOI's June 1, 2024 motion. (*See* ECF No. 28 at 10-15, 24-27 & Exhibits P-R thereto.)[3]

At bottom, the government's misguided arguments and unsupported assertions do not give the Court any sound reason why the instant motion should not be granted.

## CONCLUSION

For the foregoing reasons, the Court should promptly enter an order dismissing this case with prejudice on grounds of selective prosecution or, at the very least, continuing the trial in this case and requiring the government to produce the selective prosecution-related discovery requested by Defendant MASSAQUOI in February, March, and May 2024.

Dated: December 21, 2024                                    Respectfully submitted,

                                                            */s/ Stephen L. Sulzer*
                                                            Stephen L. Sulzer
                                                            D.C. Bar No. 340943

---

2 *See also* Defendant Siaka Massaquoi's Reply Memorandum in Support of Motion to Dismiss All Charges or, in the Alternative, to Compel Production of Information Relating to Selective Prosecution, ECF No. 33 at 2-12 & Exhibits A-C thereto.

3 *See also* ECF No. 33 at 2-3, 13-14.

**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
       202-499-2301 (ofc main line)
Fax:  202-558-5101
Email:  ssulzer@sulzerpllc.com

JONATHAN GROSS
Bar ID:  MD0162
2833 Smith Ave., Suite 331
Baltimore, MD  21209
Tel.:  (443) 813-0141
Email:  jonathansgross@gmail.com

*Attorneys for Defendant*
*Siaka Tonia Massaquoi*

## **CERTIFICATE OF SERVICE**

I certify that on the 21st day of December 2024, a true copy of the foregoing Defendant Siaka Massaquoi's Reply Memorandum in Support of Emergency Motion For Accelerated Consideration and Grant of His Motion to Dismiss on Grounds of Selective Prosecution or to Compel Immediate Production of Discovery Relating to Selective Prosecution has been filed electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that Counsel for the United States in this case is a registered CM/ECF user and that service will be accomplished by the CM/ECF system. I further certify that the foregoing Defendant Siaka Massaquoi's Reply Memorandum in Support of Emergency Motion For Accelerated Consideration and Grant of His Motion to Dismiss on Grounds of Selective Prosecution or to Compel Immediate Production of Discovery Relating to Selective Prosecution was served via email on the United States through Assistant United States Attorneys Jake Elijah Struebing at Jake.Struebing@usdoj.gov and Nialah S. Ferrer at nialah.ferrer@usdoj.gov.

/s/ *Stephen L. Sulzer*
Stephen L. Sulzer (DC Bar No. 340943)
**STEPHEN L. SULZER PLLC**
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
         202-499-2301 (ofc main line)
Fax: 202-558-5101
Email: ssulzer@sulzerpllc.com

*Attorney for Defendant Siaka Tonia Massaquoi*