# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v.  ) | Case No. 1:23-cr-421 |
| ) | |
| **MASSAQUOI** ) | |
| ) | |
| ) | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant Massaquoi, by and through counsel, hereby files this Motion to Compel discovery.

It was widely reported in the immediate wake of January 6, 2021, that open source video of the Senate Wing door "appeared to show an officer of the United States Capitol Police, wearing a high visibility vest and badge, posing for a photo with a man who had stormed the building. The two pair, surrounded by Trump supporters wearing red Trump hats and carrying flags are seen leaning in for the picture before nodding at each other after it was apparently been taken." (As reported in the Independent; see also ShaCamree Gowdy, *World Are cops seriously taking selfies with Trump supporters at the Capitol?*, Jan. 6, 2021; x.com, @bubbaprog, *Cops are taking selfies with terrorists,* Jan 6, 2021).

Within the voluminous discovery containing over 8 million files, counsel for Defendant found a Capitol Police Report of Investigation dated January 22, 2021. The report addresses the allegations but redacts the name of the officer. The document will be filed separately under seal for the Court's review.

Defendant Massaquoi requested that the Government provide the name of the Capitol Police Officer who allegedly took selfies so that he can subpoena the officer to testify at trial as

the Officer's testimony is directly relevant to Mr. Massaquoi's case. The Officer can potentially provide valuable exculpatory testimony, and frankly, the withholding of the name of a material witness who may have exculpatory evidence is a *Brady* violation. In *Brady v. Maryland*, 373 U.S. 83, 86 (1963), the Supreme Court overturned the conviction of a defendant whose attorney was refused access to a statement tending to exculpate the defendant after the attorney had requested the statement. In its opinion the Court stated:

> "We now hold that the suppression by the prosecution of evidence favorable to an accused *upon request* violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution." (Emphasis supplied). 373 U.S. at 87, 83 S.Ct. at 1196.

Upon request from Mr. Massaquoi to reveal the name of the witness with potentially exculpatory testimony the Government flatly refused without providing any reason. Accordingly, Mr. Massaquoi request that the Court order the Government to provide the name of the Capitol Police Officer so that Mr. Massaquoi can subpoena him to testify at trial.

Dated: January 14, 2025

/s/ Stephen L. Sulzer
Stephen L. Sulzer
D.C. Bar No. 340943
STEPHEN L. SULZER PLLC
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: 703-899-2903 (direct)
202-499-2301 (ofc main line)
Fax: 202-558-5101

/s/ Jonathan S. Gross
Jonathan Gross
D.C. Bar No. NY0126
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Telephone: (443) 813-0141
jonathansgross@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify on January 14, 2025, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Jonathan Gross